PER CURIAM.
In the underlying third-party bad faith case, the defendant, Oak Casualty Insurance Company [Oak Casualty] appeals from an adverse final judgment. We affirm finding that the trial court properly gave a jury instruction pursuant to Imhof v. Nationwide Mutual Insurance Company, 643 So.2d 617 (Fla.1994), because Oak *484 Casualty failed to respond within sixty days to the notice of violation sued upon. Imhof 643 So.2d at 619 (“An insurer’s failure to respond within the sixty-day period will create a presumption of bad faith sufficient to shift the burden to the insurer to show why it did not respond.”); see also, Talat Enterprises, Inc. v. Aetna Cas. & Sur. Co., 753 So.2d 1278, 1282 (Fla.2000) (“[T]he sixty-day window is designed to encourage payment of the underlying claim, and avoid unnecessary bad faith litigation .... To cure an alleged violation and to avoid civil action, an insurer must pay the claim (sometimes in excess of policy limits in the third-party context) before the sixty days expire.”).
Further, regarding the cross-appeal brought by the plaintiff, Travelers Indemnity Company [Travelers], Oak Casualty confesses error in the trial court’s denial of Traveler’s motion for additur. Oak Casualty concedes that the award of damages improperly omitted prejudgment interest.
Accordingly, we affirm, in part, reverse, in part, and remand for entry of a corrected judgment.